Madden, Judge,
concurring:
The plaintiff urges that if $3,000, three percent of the $100,000 which he paid for the contracts here in question, is treated as income, he would have had to live to be 100 in order to get back his capital investment out of the additional $1,884, which he was to receive each year as his annuity payment. Since insurance and other business is not done on the assumption that people in general live to such an age, the plaintiff says that Congress has arbitrarily and unconstitutionally designated as income in order to tax it what is in fact only a repayment of principal.
The fallacy in the plaintiff’s position is that the contracts here were not mere annuity contracts. They included an *97 important element of life insurance, by providing that if the plaintiff died before having gotten back all of his $100,000, his wife or his estate should be paid enough more to make $100,000. Thus, for the first year he had, in addition to his annuity contract, life insurance of some $95,000 and for each succeeding year up to twenty years, diminishing amounts of life insurance. This feature of the contracts must have cost a great deal of money, and we are not told how much. But whatever part of the $100,000 was paid for this life insurance element of the contracts was not expected to be repaid, except upon the contingency of the plaintiff’s death within the specified time, and hence was not a part of the principal held by the insurance companies to be repaid to the plaintiff in annuity payments. If the amount properly chargeable to the life insurance element of the contracts were subtracted from the $100,000, and there remained, say, $87,000, the plaintiff would not have to live to be 100 to get back the amount paid for his annuities.
What I have written suggests, of course, that the Commissioner of Internal Revenue may not have been justified in applying the statutory three percent rate to the entire $100,000 paid by the plaintiff for the contracts, since they were contracts not only for annuities but also for life insurance. But the plaintiff expressly concedes that the statute as written was not misapplied. He urges only that the statute is unconstitutional and void. We therefore are not confronted with the question suggested above.